FILED
CLERK, U.S. DISTRICT COURT
DEC 2 8 2007
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC PIERRE HALL,<br><br>    Petitioner,<br><br>vs.<br><br>J. NORWOOD, Warden, et al.,<br><br>    Respondents. | Case No. CV 07-7906-AG (RNB)<br><br>ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

   Pursuant to 28 U.S.C. § 636, the Court has reviewed all the records and files herein, including the Report and Recommendation of the United States Magistrate Judge and the objections to the Report and Recommendation filed by petitioner.

   Petitioner contends that the Petition is not subject to the limitations on successive petitions because his <u>Jones</u> claim was not determined on the merits in his prior application. However, as pointed out by the Middle District of Pennsylvania District Judge, while the District Court for the Southern District of Illinois did not specifically discuss petitioner's claim under <u>Jones</u> in its written decision, the claim nonetheless had been presented in petitioner's Southern District of Illinois § 2241 petition and that petition had been disposed of on the merits. See <u>Hall v. Williamson</u>, 2007 WL 1455875, at *3. Further, in affirming the District Court's order of dismissal, the Third Circuit agreed with the District Court's conclusion that § 2241

was not an avenue available to petitioner for the presentation of his <u>Jones</u> claim given the merits disposition rendered by the United States District Court for the Southern District of Illinois on his § 2241 petition raising that same claim. See <u>Hall v. Williamson</u>, 2007 WL 2900557, *4 (3d Cir. Oct. 4, 2007). This Court declines to revisit that issue.

The Court also finds that petitioner's reliance on <u>Sanders v. United States</u>, 373 U.S. 1, 83 S. Ct. 1068, 10 L. Ed. 2d 148 (1963) for the proposition that there is an "ends of justice" exception to § 2244(a)'s bar on successive petitions is misplaced. <u>Sanders</u> predated the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, which <u>inter alia</u> amended 28 U.S.C. § 2244(a). At the time <u>Sanders</u> was decided, § 2244(a) contained an express exception for cases in which "the ends of justice" would be served by a subsequent inquiry. The AEDPA eliminated that exception. Following the AEDPA amendments, courts have recognized that the AEDPA amendments had the effect of superseding the <u>Sanders</u> decision. See, e.g., <u>Taylor v. Gilkey</u>, 314 F.3d 832, 836 (7th Cir. 2002); <u>United States v. Barrett</u>, 178 F.3d 34, 50 n.11 (1st Cir. 1999), <u>cert. denied</u>, 528 U.S. 1176 (2000). The Ninth Circuit also has recognized that § 2244(a), as amended by the AEDPA, bars successive petitions under § 2241 directed to the same issue. See <u>Barapind v. Reno</u>, 225 F.3d 1100, 1111 (9th Cir. 2000); <u>see also</u> <u>Valona v. United States</u>, 138 F.3d 693, 695 (7th Cir. 1998); <u>Triestman v. United States</u>, 124 F.3d 361, 373 n.17 (2d Cir. 1997); <u>Fleming v. Brooks</u>, 2002 WL 32488475, *4 -5 (E.D. Va. June 21, 2002), <u>aff'd</u>, 57 F. Appx. 177 (4th Cir. 2003), <u>cert. denied</u>, 542 U.S. 916 (2004). Further, in <u>Felker v. Turpin</u>, 518 U.S. 651, 664, 116 S. Ct. 2333, L. Ed. 2d 827 (1996), the Supreme Court held that the AEDPA's new restrictions on successive petitions did not amount to a "suspension" of the writ contrary to Article I, § 9 of the Constitution.

Thus, having made a <u>de novo</u> determination of those portions of the Report and Recommendation to which objections have been made, the Court concurs with and adopts the findings, conclusions and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that this action be summarily dismissed, and that Judgment be entered accordingly.

DATED: December 27, 2007

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE